Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| BENJAMIN NELSON, COREY KAHALAWAI, KIRK KAMA, HAWAII FIREARMS COALITION <br><br> Plaintiffs, <br><br> v. <br><br> HONOLULU CITY AND COUNTY <br><br> Defendant | Civ. No. 1:24-CV-00100 MWJS-RT <br><br> STIPULATED JUDGMENT AND STIPULATED PERMANENT INJUNCTION |

## STIPULATED JUDGMENT AND STIPULATED PERMANENT INJUNCTION

1) IT IS ORDERED AND ADJUDGED THAT JUDGMENT IS ENTERED AGAINST DEFENDANT THE CITY AND COUNTY OF HONOLULU ("County");

2) From the date the court approves and signs this Stipulated Judgment and Stipulated Permanent Injunction, County and its agents are enjoined permanently from the acts described below and shall perform those acts described below:

> a. With regard to Plaintiffs Nelson and Kama, those Plaintiffs shall complete supplemental training to comply with the training requirements set forth in Hawaiʻi Revised Statutes ("HRS") § 134-9 and Chapter 15 of the Rules of the Chief of Police, as effective January 2024, and submit documentation to prove completion of such training, within 60 days from the date the court approves and signs this Stipulated Judgment and Stipulated Permanent Injunction. Each shall also sign an affidavit that complies with HRS § 134-9(g)(5) and shall confirm, either orally or in writing, the accuracy of the background check information obtained by the Honolulu Police Department, provided that such confirmation shall not be deemed an admission of having submitted false information

2

in support of their applications for Licenses to Carry a concealed weapon.

b. Once Plaintiffs Kama and Nelson complete the training and submit proof of completion for the requirements of subparagraph (a), and verify either in writing or orally the information possessed by the County regarding background checks, County and its agents shall approve a License to Carry a concealed firearm within five business days for Plaintiffs Nelson and Kama, such licenses being effective for four (4) years from the date of issuance, provided that nothing herein restricts the ability of the County to revoke a License if either Nelson or Kama becomes statutorily ineligible to possess firearms. As of the signing of this stipulation, the County is not aware of any information that would make either Nelson or Kama statutorily ineligible.

c. For all other applications for Licenses to Carry a concealed firearm submitted on or before February 29, 2024, including, but not limited to, specifically any Hawaii Firearm Coalition (HIFICO) applicants:

   i. County and its agents shall, pursuant to HPD Rules Chapter 15, 2022 and 2024, within sixty days of the filing of this

       Stipulated Judgment and Stipulated Permanent Injunction, issue written documentation to each applicant whose application has not already been approved or denied that either approves or denies the respective application for a License to Carry a concealed weapon;

  ii. County and its agents shall, in the written documentation granting or denying the application for a License to Carry a concealed weapon, referenced in (i) above, with regard to any denial, and in compliance with HRS § 134-9(j), specify the reasons for any denial.

d. County and its agents shall, effective immediately upon the entry of this Stipulated Judgment and Stipulated Permanent Injunction, treat all applications submitted on or after March 1, 2024 as submitted on the date on which the applicant first submits a signed application form, any HPD Rules notwithstanding;

e. County and its agents shall review the application for a License to Carry for completeness. If an application is incomplete, County and its agents shall advise the applicant as to what information or items are missing, as follows:

4

    i. If the applicant is present, County and its agents shall advise the applicant verbally.  If the applicant provides the missing information and the application is deemed complete, County and its agents shall proceed with processing the application. If the applicant does not provide the missing information upon being advised verbally, County and its agents shall document the verbal guidance given.

    ii. If the applicant is not present, County and its agents shall notify the applicant in writing, via e-mail to the address provided by the applicant.  If the applicant does not provide an e-mail address, then County and its agents shall notify the applicant in writing via U.S. Mail to the address provided by the applicant.

    iii. The County shall issue the written notification required by subsection (ii) no later than 75 days after the date of application, provided that nothing herein shall prohibit the County or its agents from requesting additional information from the applicant or any third party in response to information subsequently received by the County or its agents.

f. For applications submitted after the entry of this Stipulated Judgment and Stipulated Permanent Injunction, County and its agents shall issue a decision granting or denying each applicant's application to carry a concealed weapon before one-hundred-twenty (120) days after the date on which the applicant first submitted a signed application form.

g. County and its agents agree to use reasonable efforts to procure and implement an on-line application system on or before March 8, 2026, subject to available funding and technological feasibility.  HPD will provide Plaintiffs' counsel with written status updates on October 1, 2024, and every six months thereafter until March 8, 2026, as to HPD's progress.  County and its agents shall use reasonable efforts, subject to available funding and technological feasibility, to procure and implement an on-line application system with the following features, subject to any federal, state, or local laws, rules, or ordinances, including those regarding confidentiality and security of personal information:

    i. operational, functional, publicly available online, modern, up-to-date, robust, easy-to-use, secure, updated, maintained,

    online system for the submission, tracking and approval of applications for Licenses to Carry concealed weapons;

ii. standardized forms or documents that are provided by either County or State to be filled out by an applicant shall be in a format such that an applicant can choose to fill in the document online and that said document, blank, partially completed or fully completed can be saved by the applicant to the storage device of the applicant's choosing or the applicant can submit the document or email the document or the applicant can save and or print the document and can see the entirety of the document and all documents before filling it in, while working on it, and after completion and submission;

iii. application documents, to be completed and provided by County or State, can all be viewed and downloaded, by applicants and or visitors to the public site without setting up an account;

iv. to submit an application, an applicant must set up a username and password, at the applicant's choice of difficulty and security;

      v. applicants can visit the site at anytime, twenty-four hours a day, seven days a week, all year, except for unexpected outages or regularly scheduled maintenance, and can screenshot and or print off an updated status of the application;

     vi. consistent with this Stipulated Permanent Injunction and Stipulated Judgment moving County toward making the concealed carry application process convenient, quick, cost-effective, and inexpensive to the applicant and with the applicant's choice to proceed through an online system, County shall notify applicants on the online system that HPD verified instructors are given a letter indicating their verified status and that applicants are encouraged to review the HPD letter with any instructor.

h. Nothing in this Order shall be construed as precluding the County from enacting and enforcing new rules, regulations, policies, ordinances, charter provisions, statutes, or constitutional provisions.  Except as specifically provided herein, nothing herein prohibits the County from complying with any provision of the Rules of the Chief of Police, Honolulu Police Department.

      Nothing in this Order shall be construed as an admission of liability or violation of any right by the County or any agent thereof.

i. The parties expressly contemplate that Plaintiffs will file a petition for attorneys' fees and costs, and the County expressly agrees that Plaintiff Benjamin Nelson, Plaintiff Kirk Kama, Plaintiff Corey Kahalewai, and Plaintiff Hawaii Firearms Coalition are prevailing parties for purposes of their claims for injunctive relief, provided that the County reserves its rights to challenge the amounts of fees and costs requested.  The parties may instead agree on an amount for fees and costs, which agreement shall be subject to approval by the Honolulu City Council.

j. With the exception of Plaintiffs' claim for attorneys' fees and/or costs, Plaintiffs unconditionally release, acquit, and discharge the City and County of Honolulu and all its employees and agents from all injuries, claims, damages, and causes of action that were brought or could have been brought arising from or associated with the facts alleged in the instant Lawsuit and the laws, rules, or regulations in effect at the time of the execution of this Stipulated Judgment.  No other claims, other than for attorneys' fees and

9

costs, remain outstanding in this litigation.  All parties who have appeared in this action have signed this Stipulated Judgment.

DATED:  Honolulu, Hawaii, May 8th, 2024

/s/ Kevin O'Grady_____
KEVIN O'GRADY
Attorney for Plaintiffs BENJAMIN NELSON, COREY KAHALAWAI, KIRK KAMA, HAWAII FIREARMS COALITION

DATED: San Diego, California, May 8th, 2024

/s/ Alan Beck_____
ALAN A. BECK
Attorney for Plaintiffs BENJAMIN NELSON, COREY KAHALAWAI, KIRK KAMA, HAWAII FIREARMS COALITION

DATED:  Honolulu, Hawaii, May 6, 2024

/s/ Daniel M. Gluck_____
DANIEL M. GLUCK
Attorney for Defendant
CITY AND COUNTY OF HONOLULU

**IT IS SO ORDERED, ADJUDGED, AND DECREED**

DATED:  May 10, 2024, Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge